**Charles MARTINEZ, Plaintiff–Appellant,**

**v.**

**The CITY OF NEW YORK, New York City Human Resources Administration, Defendants–Appellees,**

72

Francois Joseph, Defendant.

No. 08–1624–cv.

United States Court of Appeals,
Second Circuit.

July 22, 2009.

Charles Martinez, Brooklyn, NY, pro se.

Dona B. Morris, Corporation Counsel, City of New York Law Department, New York, NY, on submission, for Appellees.

PRESENT: ROBERT D. SACK, B.D. PARKER, Circuit Judges, RICHARD W. GOLDBERG,* Judge, U.S. Court of International Trade.

### SUMMARY ORDER

Plaintiff–Appellant Charles Martinez, *pro se,* appeals from the judgment of the United States District Court for the Southern District of New York (Griesa, *J.* ), dismissing Appellant's employment discrimination claims. We assume the parties' familiarity with the facts, procedural history, and issues raised on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). To establish a claim of discrimination based on national origin in a Title VII action, the burden shifting analysis under the *McDonnell Douglas* framework applies. *See Song v. Ives Labs., Inc.,* 957 F.2d 1041, 1045 (2d Cir.1992). Thus, a plaintiff must establish an initial *prima facie* claim of discrimination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The burden of production then shifts to the employer to

* The Honorable Richard W. Goldberg, Senior Judge of the United States Court of International Trade, sitting by designation.

demonstrate a legitimate, nondiscriminatory purpose for the employment decision. *Id.* Once the employer has met this burden, the burden shifts back to the plaintiff to demonstrate, by a preponderance of the evidence, that the nondiscriminatory reason was merely pretext for discrimination. *Id.* at 804–05, 93 S.Ct. 1817.

■ To establish a *prima facie* hostile work environment claim, the plaintiff must first show that his workplace "was permeated with discriminatory intimidation, ridicule, and insult," that was "sufficiently severe or pervasive to alter the conditions" of the victim's employment and create an abusive working environment. *Hayut v. State Univ. of N.Y.,* 352 F.3d 733, 745 (2d Cir.2003) (internal quotations marks omitted). Appellant's complaint alleged only one incident of a supervisor addressing Appellant by using his first name instead of his surname. Even if that were proved at trial, it would be insufficient to establish the kind of pervasive harassment necessary to establish a claim of hostile work environment. *See Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 570 (2d Cir.2000).

■ Insofar as Appellant claims that he was improperly fined three days' pay based on his supervisor's bias against African–Americans, Appellant's complaint acknowledged that the penalty was based on his confrontation with the supervisor. Plaintiff therefore has failed to plead facts from which a plausible inference can be drawn that this action was taken because of his national origin. The complaint acknowledged the Defendants' non-discriminatory reason for the adverse action and failed to allege facts which, if proved, would establish that this reason for the penalty was pretextual, and that the action was, in fact, taken due to a discriminatory animus. *See St. Mary's Honor Ctr. v.*

*Hicks,* 509 U.S. 502, 511–12, 518, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Texas Dept. Of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

We have reviewed Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is hereby AFFIRMED.